**FILED**
JUN -5 2015
Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM EPPS, 3522 Dudley Ave. Baltimore, MD 21213 Plaintiff, v. JACOB J. LEW, SECRETARY OF THE TREASURY, Defendant. 1500 Pennsylvania Ave NW Washington, DC 20005 | **JURY ACTION** Case: 1:15-cv-00834 Assigned To : Sullivan, Emmet G. Assign. Date : 6/5/2015 Description: Pro Se Gen. Civil (F) **JURY TRIAL DEMANDED** |

## COMPLAINT
## FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff William Epps (hereinafter "Plaintiff") files his Complaint against Defendant Department of the Treasury, showing the Court as follows:

### INTRODUCTION

1.

This is an action for disability discrimination, arising from, among other things, the Defendant's wrongful termination of Plaintiff in violation of Section 501 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 701 et seq. (the "Rehabilitation Act") and Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. (the "ADA"). Furthermore, the Defendant retaliated against Plaintiff for requesting reasonable accommodations and for prior EEO activity when it terminated Plaintiff

1

RECEIVED
JUN -5 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

because of his protected activity. Plaintiff is seeking actual damages, injunctive and equitable relief, compensatory damages, attorneys' fees, and costs against Defendant.

## JURISDICTION AND VENUE

2.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

3.

Plaintiff's ADA claims present federal questions over which the Court has jurisdiction. *See* 42 U.S.C. § 12101 et seq. Jurisdiction is founded on 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. The court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. § 2201 and § 2202.

4.

This Court is an appropriate venue for all of Plaintiff's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because a substantial part of the events or omissions giving rise to these claims occurred in this District. Defendant does business in the District of Columbia, business records of Defendant are maintained in the District of Columbia, some of the unlawful practices described herein occurred in the District of Columbia, and Plaintiff worked in the District of Columbia at all relevant time.

## **THE PARTIES**

5.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

6.

Plaintiff is a disabled individual who resides in the state of Maryland. He was employed by Defendant from September 1, 2009, until his unlawful termination on or around October 25, 2013.

7.

At all times material, Plaintiff was protected under the ADA and therefore the Rehabilitation Act as Plaintiff had a physical impairment that substantially limited one or more major life activities; he had a record of such an impairment, and/or; Defendant regarded him as having such an impairment.

8.

At all times material, Plaintiff was a qualified individual with a disability, in that he was able to perform the essential requirements of his position, either with or without reasonable accommodations for his disabilities.

9.

Defendant Jacob Lew, is named in his capacity as the Secretary of the United States Department of the Treasury, and is sued herein in his official

capacity.

10.

Plaintiff is and was at all times relevant hereto an individual with a disability as that term is defined under 42 U.S.C. § 12102(1) and an employee of Defendant as defined in 42 U.S.C. § 12111(4).

11.

Defendant is and was at all times relevant hereto a "covered entity" as defined in 42 U.S.C. § 12111(2) and an "employer" as defined in 42 U.S.C. § 12111(5)(A) of the ADA.

## ADMINISTRATIVE PROCEEDINGS

12.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

13.

Plaintiff has met all procedural requirements for filing this Complaint. Plaintiff initiated EEO contact on December 5, 2013, which was within 45 days of discovering the discrimination and retaliation as alleged herein.

14.

Plaintiff submitted a Formal Charge of Discrimination on or about February 6, 2014, to the Department of the Treasury's Office of Civil Rights and Diversity

4

(OCRD). See Exhibit A.

15.

On or around May 28, 2014, the Agency notified Appellant's counsel that it had completed the investigation into Appellant's complaint, and stated that it would issue a final decision without a hearing on Appellant's complaint. The notification further stated that upon completion of its processing of the final agency decision, the Department of the Treasury's Office of Civil Rights and Diversity (OCRD) would provide Appellant's counsel with its final decision. See Exhibit B.

16.

EEOC Regulation 29 C.F.R. § 1614.605(d) provides: "Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant. When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney" (emphasis added).

17.

Thus, the deadline to file a federal lawsuit, or presumably a MSPB complaint, should begin when the attorney—not the client—receives the FAD. See


*Rembisz v. Lew*, 590 F. App'x 501, 504 n. 1 (6th Cir. 2014).

18.

Plaintiff's attorney did not receive a copy of the Final Agency Decision until May 7, 2015. Within thirty (30) calendar days from the date Plaintiff's counsel received the Agency's final decision, Plaintiff timely filed the instant lawsuit.

19.

Plaintiff has thus met all procedural requirements for filing this complaint and all of the claims in the lawsuit are properly before the Court.

## DEMAND FOR JURY TRIAL

20.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

21.

Plaintiff demands a jury trial for all matters appropriate for jury trial in the Complaint.

## STATEMENT OF FACTS

22.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

23.

During the relevant time period, Plaintiff was employed by Defendant as a Management and Program Analyst, GS 12, 0343, in the Office of Financial Stability, and held such position until he was terminated.

24.

Laurie Adams, Supervisory Conflict of Interest Specialist, was Plaintiff's first level supervisor, and Joyce Philips, Chief of Compliance, was Plaintiff's second level supervisor.

25.

Ms. Adams became aware of Plaintiff's protected status as a qualified individual with a disability when he was hired and he specifically told Ms. Adams about his disability. Further, Plaintiff made multiple reasonable accommodation requests to or through Ms. Adams.

26.

In or around October 2012, Plaintiff filed EEO complaints against Ms. Adams for disability discrimination, including failure to accommodate, and retaliation.

27.

On June 19, 2013, Plaintiff filed another EEO complaint against Ms. Adams for claims of retaliation because following Plaintiff's prior protected activity, Ms.

Adams continued to discriminate, harass and retaliate against Plaintiff by among other things threatening his job and threatening him with disciplinary action, issuing him a proposed three day suspension on April 19, 2013, extending a leave restriction, issuing him a negative midterm rating in April 2013, suspending him for three days without pay on July 12, 2013, and issuing him a negative special rating on July 31, 2013.

28.

Further, following Plaintiff's protected activity, on July 31, 2013, Laurie Adams proposed Plaintiff's removal for unsubstantiated claims of falsification.

29.

The Agency issued a decision removing Plaintiff on or around October 18, 2013.

30.

On October 25, 2013, Defendant terminated Plaintiff.

31.

The reasons Defendant offered were false to cover up their discrimination.

32.

The timing of the notice of proposed removal and my EEO complaints against Ms. Adams show pretext for discrimination and retaliation.

33.

Plaintiff was terminated because of his disability (physical) and in retaliation for his prior protected activity.

## COUNT I

**Violation of the Rehabilitation Act and the ADA
Wrongful Termination – Retaliation**

34.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

35.

Following Plaintiff's protected activity in requesting reasonable accommodations and filing two EEO complaint, Plaintiff's first level supervisor retaliated against Plaintiff by among other things, harassing and terminating him.

36.

On or about October 25, 2013, Defendant retaliated against Plaintiff by terminating him because he requested reasonable accommodations under the Rehabilitation Act and the ADA and because he opposed Ms. Adam's discriminatory actions.

37.

Although Defendant knew of Plaintiff's disability and protected activity, it nevertheless terminated Plaintiff to retaliate against him.

9

38.

Defendant intentionally, with malice and reckless indifference to Plaintiff's rights, violated the Rehabilitation Act and the ADA by treating him differently than his non-disabled coworkers, by terminating him in retaliation for him requesting accommodations and for opposing discrimination under the ADA, despite knowing that the Rehabilitation Act and the ADA required equal terms, conditions and privileges of employment, and reasonable accommodations.

39.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost wages, actual damages, emotional distress, inconvenience, loss of benefits, humiliation, and other indignities compensable under the Rehabilitation Act and the ADA.

40.

The conduct of Defendant deprived Plaintiff of his statutory rights under the Rehabilitation Act and the ADA, and was in such reckless indifference of the federally-protected rights of Plaintiff.

## COUNT II

### Violation of Rehabilitation Act and ADA
### Wrongful Termination – Disparate Treatment

41.

Plaintiff incorporates by reference all of the preceding paragraphs of the

Complaint.

42.

On or about October 25, 2013, Defendant terminated Plaintiff because of his disability.

43.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of disability.

44.

As a direct, natural, proximate and foreseeable result of Defendant's unlawful actions, Plaintiff has suffered lost wages, actual damages, emotional distress, inconvenience, loss of benefits, humiliation, and other indignities compensable under the Rehabilitation Act and the ADA.

45.

The conduct of Defendant deprived Plaintiff of his statutory rights under the Rehabilitation Act and the ADA, and was in such reckless indifference of the federally-protected rights of Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a trial by jury and that the following relief is granted:

a. a declaratory judgment that Defendant violated Section 501 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 701 et seq. and Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq.;

b. a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of the Rehabilitation Act and the ADA;

c. full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d. reinstatement to Plaintiff's former position with Defendant at the same pay grade, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits and pension;

e. actual damages for any lost income;

f. compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

g. attorneys' fees and costs; and

h. all other and further relief as this Court deems just and proper.

h. all other and further relief as this Court deems just and proper.

Respectfully submitted the 3rd day of June, 2015.

                                         *[signature]*
                                         William Epps
                                         3522 Dudley Ave
                                         Baltimore, MD 21213
                                         Voice: (410) 256-6349
                                         *Appearing in Pro Se*

# EXHIBIT A

| Form No. TDF 62-03.5 (01/03 Edition) | | FOR OFFICE USE ONLY |
|---|---|---|
| | | DEPARTMENT CASE NUMBER |
| INDIVIDUAL COMPLAINT OF EMPLOYMENT DISCRIMINATION WITH THE DEPARTMENT OF THE TREASURY | | FILING DATE   /   / |

### Part I Complainant Identification

**1. Name** (Last, First, Middle Initial)
Epps, William A.

**2. Telephone/Fax** (Include Area Code)
Home: 443-725-4613   Fax:
Work:                 Fax:

**3. Present Home Address** (You must notify the Department of any changes of address while complaint is pending, or your complaint may be dismissed)

11 Aven Way
Street Address

Nottingham    MD    21236
City          State  Zip Code

**4. If you are a current or former employee of the Federal government, list your most recent title, series, and grade.**

Management and Analyst    GS    12, 0343
Title                     Series Grade

**5. Name and Address of Organization Where You Work** (If a Treasury Employee)

Bureau

Business Unit

Office and Organizational Component

Street Address

City    State    Zip Code

**6. Employment Status in Relation to this Complaint:**
☐ Applicant   ☐ Probationary   ☐ Career/Career Conditional
☑ Former Employee   10 / 18 / 2013
                    Date Left Treasury Employment
☐ Retired    /   /
            Date of Retirement
☐ Other
Specify

**7.** I certify that all of the statements made in this complaint are true, complete, and correct to the best of my knowledge and belief.

_[signature]_    2/6/14
Signature of Complainant or Attorney Representative    Date

### Part II Designation of Representative

**8.** You may represent yourself in this complaint or you may choose someone to represent you. Your representative does not have to be an attorney. You may change your designation of a representative at a later date, but you must notify the Department immediately in writing of any change, and you must include the same information requested in this Part.

"I hereby designate **Mr. Shaun C. Southworth** (Please Print Name) to serve as my representative during the course of this complaint. I understand that my representative is authorized to act on my behalf."

**9. Representative's Mailing Address**

Southworth PC
Firm/Organization

1100 Peachtree St. NE, Suite 200
Street Address

Atlanta    GA    30309
City       State Zip Code

**10. Representative's Employer** (If Federal Agency)

**11. Representative's Telephone/Fax** (Include Area Code)
404-692-5715    404-393-4129
Telephone       Fax

_[signature]_    02/ 06 / 2014
**12. Complainant's Signature**    Date

## Part III Alleged Discriminatory Actions

**13. Name and Address of Treasury Bureau that took the action at issue (if different than item 5.)**

| | |
|---|---|
| Departmental Officer | Office of Financial Stability |
| Bureau | Office and Organizational Component |
| 1300 Pennsylvania Ave. NW | |
| Street Address | |
| Washington | D.C. 20004 |
| City | State Zip Code |

**14. If your complaint involves nonselection for a position, please complete the following:**

Position Title _____ Series _____ Grade _____

_____ / _____ / _____

Vacancy Announcement Number    Date Learned of Nonselection

**15.** (A) Describe the action taken against you that you believe was discriminatory; (B) Give the date when the action occurred, and the name of each person responsible for the action; (C) Describe how you were treated differently than other employees or applicants because of your race, color, religion, sex, national origin, age, disability, or in retaliation for your participation in the EEO process or opposition to alleged discriminatory practices; (D) Indicate what harm, if any, came to you in your work situation as a result of this action. *(You may but are not required to attach extra sheets.)* (E) If the basis of your complaint is your parental status, sexual orientation, or protected genetic information, use this form, but your complaint is not statutorily based and will follow a separate, parallel process.

Please see attached.

**16. Mark below ONLY the bases you believe were relied on to take the actions described in #15.**

- ☐ Age (Date of Birth) _____
- ☐ Race (State Race) _____
- ☐ Color (State Color) _____
- ☐ Religion (State Religion) _____
- ☐ Sex (Specify) _____
- ☐ National Origin (Specify) _____

- ☑ Physical or Mental Disability (Describe)
  Asthma
- ☑ Retaliation/Reprisal (Dates of Prior EEO Activity)
  02 / 14 / 2013
- ☐ Sexual Orientation
- ☐ Parental Status
- ☐ Protected Genetic Information

**17. What remedial or corrective action are you seeking to resolve this matter?**

Please see attached.

**18.** If you wish to amend your complaint (or provide additional evidence), indicate the complaint case number of that complaint.

## Part IV Contact

EEO Counseling is not required if you are amending an existing open complaint. Complete items 19, 20, and 24 even if you did not contact a counselor.

**19. When did the most recent discriminatory event occur?**
10 / 25 / 2014
Month   Day   Year

**20. When did you first become aware of the alleged discrimination?**
10 / 25 / 2014
Month   Day   Year

**21. When did you contact an EEO counselor?**
12 / 05 / 2013
Month   Day   Year

**22. Did you discuss all actions raised in item 15 with an EEO counselor?** ☑ YES ☐ NO
*(If no, explain on attached sheet)*

**23. Name and telephone number of EEO counselor.**
Tari Thompson    202-927-4360
Name             Telephone No.

**23. When did you receive your "Notice of Right to File"?**
01 / 24 / 2014
Month   Day   Year

**24. On this same matter, have you filed a grievance or appeal under:**

| | | |
|---|---|---|
| Negotiated grievance procedure | ☐ YES | ☑ No |
| Agency grievance procedure | ☐ YES | ☑ No |
| MSPB appeal procedure | ☐ YES | ☑ No |

If you filed a grievance or appeal, provide date filed, case number, and present status.

Mixed case processing requested.

## **Attachment to Charge of Mr. William Epps Jr.**

First, mixed case processing is requested.

Second, on or around October 25, 2013, Mr. Epps learned he had been terminated, and believes he was terminated because of his disability (asthma, perceived, and record of), and EEO activity (EEO settlement on February 14, 2013, and charge filed on or around June 19, 2013, reasonable accommodation request (various)). The purported reasons for his termination are not true, and the Agency cannot prove same. Further, the timing evidence and other evidence of pretext shows the termination was unlawful. The termination has caused Mr. Epps actual damages and compensatory damages.

Third, Mr. Epps requests as relief recovery for his actual damages (back pay and front pay or reinstatement), compensatory damages, equitable relief, injunctive relief, declaratory relief, attorneys' fees and any other relief available.

# EXHIBIT B



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

05/28/2014

Mr. Shaun C. Southworth
Southworth PC
1100 Peachtree Street, NE
Suite 200
Atlanta, GA  30309

                 Complaint of William A. Epps and
                 Jacob J. Lew, Secretary of the Treasury,
                 TD Case Number: DO-14-0098-M

Dear Mr. Southworth:

In accordance with 29 CFR §1614.108(f) of the Equal Employment Opportunity Commission (EEOC) regulations, this is to notify you that we have completed our investigation of the above cited complaint(s).  Your complaint is considered a Mixed case complaint as defined in 29 CFR §1614.302(a).

This office has requested that the Department of the Treasury's Office of Civil Rights & Diversity (OCRD) render a final agency decision (FAD) without a hearing on your complaint of discrimination.  Upon completion of its processing of this request, the OCRD will provide you with its final decision.

                 Sincerely,

                 Elizabeth Flores-Velasquez
                 Branch II Manager
                 Treasury Complaint Mega Center
                 AWSS EDI Operations
                 4050 Alpha Road, 1015 NDAL
                 Dallas, Texas 75244

cc:    Andre R. Faulk, Sr., Director
       Departmental Offices/ Treasury (DO)

       Mariam G. Harvey, Director
       Office of Civil Rights and Diversity
       Department of Treasury
       Washington DC  20220